**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DAMION BECKFORD,

                        Plaintiff,                      **MEMORANDUM
                                                                    AND ORDER**

      - against -

                                                                        09-CV-0286 (CBA) (JO)

THE CITY OF NEW YORK, et al.,

                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       On March 31, 2010, after giving plaintiff's counsel K.C. Okoli ("Okoli") an opportunity to be heard, and for reasons stated on the record, I ordered Mr. Okoli to pay a fine of $250 to the Clerk of the court "for his failure to comply with a prior scheduling order and his failure to provide timely notice of his inability to comply." Docket Entry 24. Briefly stated, by failing to timely alert me of a scheduling conflict about which he had long been aware, Okoli twice failed to comply with my order requiring timely notice and a showing of good cause for an adjournment request, and as a result he effectively failed to participate in the settlement conference. Because my law clerk had been diligent enough to chase after Okoli and learn of the problem in sufficient time to adjourn the conference on each occasion, albeit with little notice to his adversary, there was no basis for the imposition of a sanction that would require Okoli to reimburse any costs. Accordingly, because I concluded that Okoli's conduct was sanctionable despite the absence of prejudice to the defendants, I ordered him to pay a modest fine. While I continue to believe that Okoli's conduct was sanctionable, I conclude for the reasons set forth below that the imposition of a punitive monetary fine, however modest, exceeds my authority as circumscribed by the case law of this circuit. I therefore vacate the order.

There are a number of circumstances in which an attorney's misconduct may result in an enforceable order to pay a monetary fine to the court itself, as distinguished from an order requiring the attorney to reimburse an adversary's costs. *See, e.g.*, Fed. R. Civ. P. 11(c)(4) (monetary sanction for frivolous litigation); Fed. R. Civ. P. 37(b)(1), (b)(2)(A)(vii) (providing that failure to comply with certain discovery orders may be treated "as contempt of court"); Fed. R. Civ. P. 16(f)(1) (providing same authority, by incorporation of Fed. R. Civ. P. 37(b)2)(A)(vii), as sanction for an attorney's failure to appear at court proceedings, to prepare for and participate in good faith in a settlement conference, or to obey a scheduling or pretrial order); *In re Cooper*, 2010 WL 605272, at *6 (2d Cir. Feb. 22, 2010) (citing authority to impose monetary sanction for disciplinary violation pursuant to U.S. Ct. App. 2d Cir., Rules of the Comm. on Admissions and Grievances, R. 6); *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 128 (2d Cir. 1998) (noting court's authority to impose monetary sanctions for contempt or pursuant to court's inherent authority).

None of the authorities cited above, however, authorizes the sanction I imposed on Okoli. Okoli's conduct did not violate Rule 11, and even if that conduct could properly be viewed as a minor disciplinary violation (as to which I express no view), I lack the authority to impose attorney discipline and the local rules of this court do not in any event provide for a monetary fine as a sanction for an ethical lapse. *See* Loc. Civ. R. 1.5(c)-(d).

Although I was authorized to impose some sanction on Okoli for his failure to appear at a settlement conference and his failure to provide required notice of his request for an adjournment, Fed. R. Civ. P. 16(f)(1)(B)-(C), the choice of a punitive monetary fine as the appropriate sanction must be grounded in some additional authority. If I was imposing the

sanction as an exercise of the court's authority to treat Okoli's misconduct "as contempt of court," Fed. R. Civ. P. 37(b)(2)(A)(vii), I could only have done so if the contempt occurred in my presence (which it did not), 28 U.S.C. § 636(e)(2), or by certifying the contumacious conduct to the assigned district judge and requiring Okoli to appear before that judge to show cause why he should not be adjudged in contempt (which I did not do). *Id*. § 636(e)(6).[1]

Because I was not exercising my limited authority to punish contumacious conduct, the only remaining candidate for the source of my authority to impose a modest fine is the court's "'inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal[.]'" *Mackler*, 146 F.3d at 129 (quoting *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985)). This court, as an institution, appears to have such authority.[2] Moreover, in the absence of case law to the contrary, I would have concluded that my mandate as a full-time magistrate judge in this district included a delegation of authority to exercise such inherent power on the court's behalf. *See* 28 U.S.C. § 636(b)(1)(A) (empowering magistrate judges "to hear and determine any pretrial matter pending before the court" except for eight specific types of motion not pertinent here), *id*. § 636(b)(3) (authorizing the assignment to magistrate judges of "such additional duties as are not inconsistent with the Constitution and laws of the United States"); Loc. Civ. R. 72.1(a) (designating full-time magistrate judges in this district, without limitation, "to exercise the jurisdiction set forth in 28 U.S.C. § 636 (c)").

---

[1] Although Okoli's conduct was improper, I do not believe it was contumacious.

[2] That authority plainly has its limits. In *Mackler*, the appellate court held that a trial court's imposition of a $10,000 fine as a punitive sanction for an attorney's misconduct was invalid in the absence of "the procedural protections appropriate to a criminal case." *Id*. at 130. That holding, however, did not "address a court's ability to levy a modest punitive sanction without the protection of criminal procedures." *Id*. at 130 n.2.

However, the recent case law of this circuit leads me to question the latter conclusion. Although the same reasoning would lead me to conclude that a magistrate judge in this district may remand an improperly removed case to state court, *see Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-43 (E.D.N.Y. 2005), the case law of this circuit now forbids the exercise of such authority. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2nd Cir. 2008). Similarly, and of greater pertinence here, while the reasoning described above would also lead me to conclude that a magistrate judge may impose sanctions pursuant to Rule 11, *see*, *e.g.*, *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990), the case law of this circuit now calls that assumption into question. *See Kiobel v. Millson*, 592 F.3d 78, 79 (2d Cir. 2010) (noting that the three-judge panel was evenly divided on the question, "with one member of the panel concluding that magistrate judges have authority to impose Rule 11 sanctions, another judge concluding that they do not, and the third declining to endorse either view in light of the statute's ambiguity").

In *Kiobel*, the one panel member who opined that a magistrate judge lacks authority to impose a Rule 11 sanction relied on the proposition that "a Rule 11 motion for sanctions, though it arises in the context of an underlying action, is the functional equivalent of an independent claim." *Id*. at 86 (Cabranes, J., concurring). The same could be said of a court's exercise of its inherent power to sanction an attorney for failing to comply with a scheduling or pretrial order or to participate in a conference. If that functional equivalence suffices to divest a magistrate judge of the authority to exercise a court's power to impose a Rule 11 sanction, it likewise divests such an officer of the authority to impose the sanction at issue here.

4

In light of the ruling in *Williams* and the dicta in *Kiobel*, I conclude that I did not have the authority to wield the court's inherent power to sanction Okoli for his conduct in this case. Lacking any other identifiable source of authority, I therefore vacate the order. Moreover, while I conclude that the assigned district judge would have the authority to sanction Okoli for his conduct and impose the same modest fee, such a result could not be accomplished without imposing on the district judge the burden of reviewing a report and recommendation and, possibly, Okoli's objections as well. I do not think that Okoli's misconduct was sufficiently severe to warrant the imposition of such a burden on the district judge.

The misconduct at issue here, however minor, imposes real burdens on the court and should be – and is – sanctionable. Moreover, it should be – and is – subject to the kind of modest punitive monetary sanction I originally purported to impose. I conclude no more than that, as a result of recent developments in the case law of this circuit, a magistrate judge is no longer empowered to engage in such basic and necessary policing of the pretrial phase of litigation. If my interpretation of the ramifications of those recent developments is correct, it is unfortunate. The effect will be to force on already-overburdened district judges a choice among three unappealing options: taking on the burden of overseeing a process of sanctions that magistrate judges are otherwise competent to administer, declining to take on that burden and allowing some attorney misconduct to go unpunished, or declining to refer for pretrial supervision the full range of proceedings that Congress allowed in enacting the Federal Magistrates Act. No such choice should be necessary, but it appears to have become so.

For the reasons set forth above, I vacate the order dated March 31, 2010, requiring attorney K.C. Okoli to pay a fine of $250 to the Clerk of the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 5, 2010

<u>/s/ James Orenstein</u>
JAMES ORENSTEIN
U.S. Magistrate Judge